IED (Rev. 03/11) Prisoner Civil Rights Complaint      DET113614                          15

| Official Use Only | | |
|---|---|---|
| Case Number | Judge | Magistrate Judge |
| | | |

Case: 2:18-cv-11430
Judge: Michelson, Laurie J.
MJ: Patti, Anthony P.
Filed: 05-07-2018 At 01:13 PM
PRIS KITCHEN V. SNYDER ET AL (DA)

# PRISONER CIVIL RIGHTS COMPLAINT

*This form is for use by state prisoners filing under 42 U.S.C. § 1983 and federal prisoners filing pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).*

## Plaintiff's Information

| Name | Prisoner No. |
|---|---|
| Michael A. Kitchen | 189265 |

**Place of Confinement**
Carson City Correctional Facility

| Street | City | State | Zip Code |
|---|---|---|---|
| 10274 E. Boyer Road | Carson City | MI | 48811 |

Are there additional plaintiffs?   ☐ Yes   ☒ No

*If yes, any additional plaintiffs to this action should be listed on a separate 8½" x 11" sheet of paper and securely attached to the back of this complaint. You must provide names, prisoner numbers and addresses for all plaintiffs.*

## Defendant's Information

| Name | Position |
|---|---|
| Richard Snyder | Governor |

| Street/P.O. Box | City | State | Zip Code |
|---|---|---|---|
| State Capitol | Lansing | MI | |

Are you suing this defendant in his/her:   ☐ Personal Capacity   ☐ Official Capacity   ☒ Both Capacities

Are you suing more than one defendant?  ☒ Yes        ☐ No    **See Attached**

*If yes, any additional defendants to this action should be listed on a separate 8½" x 11" sheet of paper and securely attached to the back of this complaint. You must provide their names, positions, current addresses and the capacity (personal, official or both) in which you are suing them.*

1

Filed n Person- no envelope attached   -DP 5/7/18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANDREW KITCHEN,

    Plaintiff,

v.

    Case No. _____

    Honorable: _____

RICHARD SNYDER, HEIDI WASHINGTON,
and MICHAEL EAGEN, in their
Individual & Official Capacities,
Jointly and Severally,

    **PRISONER CIVIL RIGHTS ACTION**

    Defendants.

_____/

## PREVIOUSLY FILED LAWSUITS

### WESTERN DISTRICT OF MICHIGAN

| Case No. | Caption | Filed | Status |
|---|---|---|---|
| 2:91-cv-00230 | Kitchen v. Osier | Filed: 09/12/91 | Closed: 01/30/96 |
| 1:93-cv-00034 | Kitchen v. Vidor | Filed: 01/13/93 | Closed: 04/07/93 |
| 1:93-cv-00792 | Kitchen v. Toombs | Filed: 09/30/93 | Closed: 01/22/96 |
| 1:93-cv-00944 | Kitchen v. Voet | Filed: 11/24/93 | Closed: 09/14/94 |
| 2:00-cv-00183 | Kitchen v. Bouchard | Filed: 09/29/00 | Closed: 08/06/03 |
| 2:05-cv-00267 | Kitchen v. MDOC | Filed: 11/03/05 | Closed: 01/10/06 |
| 2:06-cv-00251 | Kitchen v. Winn | Filed: 10/02/06 | Closed: 03/07/08 |
| 1:16-cv-00190 | Kitchen v. Snyder | Filed: 02/23/16 | Still Pending |
| 1:16-cv-01068 | Kitchen v. Corizon | Filed: 08/29/16 | Still Pending |

### EASTERN DISTRICT OF MICHIGAN

| Case No. | Caption | Filed | Status |
|---|---|---|---|
| 2:93-cv-71555 | Kitchen v. Kitchen | Filed: 04/14/93 | Closed: 05/13/93 |
| 2:14-cv-12883 | Kitchen v. Heyns | Filed: 07/23/14 | Still Pending |
| 2:17-cv-11627 | Kitchen v. Winn | Filed: 05/19/17 | Still Pending |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANDREW KITCHEN,

    Plaintiff,

Case No. _____

v.

Honorable: _____

RICHARD SNYDER, HEIDI WASHINGTON,
and MICHAEL EAGEN, in their
Individual & Official Capacities,
Jointly and Severally,

**PRISONER CIVIL RIGHTS ACTION**

    Defendants.

---

| | |
|---|---|
| Michael A. Kitchen (#189265)<br>Plaintiff Proceeding Pro Se<br>Carson City Correctional Facility<br>10274 Boyer Road<br>Carson City, Michigan 48811 | Bill Schuette, Attorney General<br>Dept. of Attorney General<br>Civil Litigation Division<br>P.O. Box 30736<br>Lansing, Michigan 48909 |

## CIVIL RIGHTS ACT COMPLAINT

NOW COMES Plaintiff Michael Andrew Kitchen, proceeding *pro se*, in a complaint for declaratory and injunctive relief against Governor Richard Snyder, Director Heidi Washington, and Chairperson Michael Eagen, and hereby states as follows:

### INTRODUCTION

1. This action for declaratory and injunctive relief is brought under 42 USC § 1983. Plaintiff Kitchen was a juvenile or under the age of eighteen (18) ("juvenile offender") at the time he was charged, tried, and sentenced as an adult to, among other sentences, 42-60 years, and under Michigan law will become eligible for parole the same as an adult would if he/she had received the same sentence, although Kitchen, unlike an adult, has under the law lessen culpability and therefore was less deserving of the type of punishment that would be imposed on adults in light of the fact that Kitchen was a juvenile at the time of arrest and sentence in this case.

- 1 -

2. Juvenile offenders, as compared to adults, have lessened culpability and therefore are less deserving under the law of the type of punishment that would be imposed on an adult whom has committed a like offense as the juvenile. Juveniles have a lack of maturity and an underdeveloped sense of responsibility, making them more vulnerable or susceptible to negative influences and outside pressures.

3. Under the current scheme in Michigan, however, after juveniles are charged, tried, and sentenced as adults, they will become eligible for parole the same as if they were adults without consideration of their juvenile status, including their reduced culpability and unique capacity for change and rehabilitation as compared to adults.

4. Michigan law, the Defendants, and/or the government does not make any distinction between adults and juveniles with regard to parole eligibility, in that, like adults, once juveniles are sentenced as adults to an indeterminate sentence and confined in an adult state correctional facility, they must serve a period of time equal to the minimum sentence imposed by the court for the crime of which he or she was convicted, less good time and/or disciplinary credits, if applicable, even though constitutionally juveniles have lessened culpability and are less deserving than adults of harsh criminal penalities.

5. As a result of this practice, juveniles often times serve longer periods of incarceration than adults, and under harsher conditions of confinement due to their age, even though both are convicted of similar criminal offenses.

6. In 1987, Plaintiff Kitchen was charged, tried, and sentenced as an adult under Michigan law for the criminal offenses as outlined hereinafter, and sentenced to serve 42-60 years in prison, and as a result will not become

eligible for parole until he has served a period of time equal to the minimum sentenced imposed by the court, less disciplinary credits, which required that Kitchen serve over thirty (30) years in prison.

7. Plaintiff Kitchen seeks a declaration that Michigan laws, policies, and practices, including MCL 791.234, insofar as it makes no distinction between juveniles and adults as to when they become subjected to the jurisdiction of the Michigan Parole Board or eligible for parole, violates the Eighth Amendment, the Equal Protection Clause, and the Substantive Due Process component of the 14th Amendment's Due Process Clause of the United States Constitution, because MCL 791.234, and/or its policies and practices, has resulted in governmental action that has become so oppressive, and, therefore, conscious shocking, to those like Kitchen who has been convicted of committing criminal offenses while under the age of eighteen, that it: (1) infringes on fundamental rights, even if those rights are not explicitly protected by the Bill of Rights; and/or (2) has resulted in the government's abuse of power that infringes on a fundamental right regardless of the fairness of the procedures used to impose the long indeterminate sentences in the first instance; and/or (3) has resulted in juveniles, like Kitchen, serving such long periods of incarceration before becoming eligible for parole that it is literally "conscious shocking" when compared to periods of incarceration served by adults, whom have been convicted of similar and/or more serious criminal offenses than those criminal offenses that juveniles like Kitchen has been convicted of, before they become eligible for parole.

8. Plaintiff Kitchen does not challenge his judgment of conviction and do not seek to invalidate his indeterminate sentence. Rather, Plaintiff Kitchen seeks an order that the State of Michigan and/or the Michigan Department of Corrections (MDOC) treat him differently than and less deserving

- 3 -

of the same type of punishment as an adult with regard to parole eligibility because he was under the age of eighteen and therefore a minor at the time of arrest and sentence in his criminal case.

## JURISDICTION

9. Jurisdiction is conferred on this Court by 28 USC § 1331, which authorizes federal courts to decide cases concerning federal questions, and by 28 USC § 1343(a), which authorizes federal courts to hear civil rights cases, and 28 USC § 2201, the Declaratory Judgment Act.

## VENUE

10. Venue is proper in this Court because the Defendants conduct their business across the state, including in the Eastern District of Michigan, and the causes of action set forth herein occurred in this district.

## PARTIES

11. Shortly after reaching his seventeenth birthday as a minor, Plaintiff Michael Andrew Kitchen was arrested, charged, tried, and convicted of the criminal offenses at issue in this case and sentenced as an adult in the Oakland County Circuit Court, located in the City of Pontiac, to 42-60 years in prison. Plaintiff Kitchen is currently in the custody of the MDOC at the Carson City Correctional Facility located in Carson City, Michigan. Kitchen has now served over thirty (30) years in adult prison.

12. Defendant Richard Snyder is the Governor of the State of Michigan who is vested with executive power pursuant to Article V § 1 of the Michigan Constitution, and is responsible for ensuring compliance with the laws of the State of Michigan. Defendant Synder resides in Ingham County, Michigan, and is being sued in his individual and official capacities.

13. Defendant Heidi Washington is the Director of the MDOC, and has

authority over the Michigan Parole Board pursuant to MCL 791.231a, which determines which Michigan prisoners are eligible for parole. She is being sued in her individual and official capacities.

14. Defendant Michael Eagen is the Chairperson of the Michigan Parole Board. Under MCL 791.234, the Michigan Parole Board determines which prisoners, under their jurisdiction, to parole. Defendant Eagen is being sued in his individual and official capacities.

## FACTUAL ALLEGATIONS

15. Shortly after reaching the age of seventeen (17) years, Kitchen was arrested and charged as an adult with two counts of armed robbery, one count of first-degree criminal sexual conduct, three counts of possession of a firearm during the commission of a felony (felony firearm), one count of breaking and entering, and one count unlawfully driving away an automobile (stolen car) following what was alleged to have been the inappropriate touching of a twenty-seven (27) year old white woman during a robbery of a couple living in Beverly Hills, Michigan.

16. Kitchen's conviction and subsequent sentence to prison for these criminal offenses came at a time when, according to criminal justice experts, courts and state officials, among other things, singled out juveniles for harsher punishments in an effort to curb what was mistakenly believed to be an onslaught of juveniles referred to as "super predators" committing a wave of violence across the United States. See, Barry C. Feld, "Unmitigated Punishment: Adolescent Criminal Responsibility & LWOP Sentences", 10 J.L. Fam Stud. 11, at 12 (2007) (relying on his article "Bad Kids: Race & The Transformation Of The Juvenile Court, 189 (1999).

17. During the 1980's, studies and criminal justice experts reported

- 5 -

that a sharp increase in homicides were allegedly committed by juveniles and theorized only to get worse, and this climate provided a political incentive to "get tough" on youth crime which, according to statistics and experts, produced an unprecedented level of punitive sanctions against juvenile offenders (See, Barry C. Feld, "Unmitigated Punishment: Adolescent Criminal Responsibility & LWOP Sentences", 10 J.L. Fam Stud 11, 12 (2007); Mark Mauer, et al., "The Meaning Of 'Life'": Long Prison Sentences In Context 17, 84 (2004)), and this included, but was not limited too, state officials requiring that juveniles sentenced to prison become eligible for parole at the same time as adult prisoners would even if juveniles were, as most often occurred, sentenced to prison for longer periods of time for the same crime that adults were convicted and serving time for.

18. In other words, state officials enacted laws that made no distinction or difference in parole eligibility between juveniles sentenced as adults and adults themselves, even though state and corrections officials uniformly agreed or conceded that juveniles had lessened culpability and were less deserving of the same type of punishment as adults. Id.

19. The testimony adduced at trial in Kitchen's case showed that on or about March 26, 1987, Kitchen accompanied and followed the directions of two (2) adult males named Devaul Chatman and Anthony Davis by acting as a "lookout" while they forcibly removed property from a home because a drug debt was not paid or because co-defendants Davis and Chatman felt like it.

20. Sometime during the incident, a 27 year-old white woman stated that she was touched inappropriately in her vaginal area by being penetrated with a finger for two seconds by an assailant whom she said she could not or did not want to identify except for the jacket that he was wearing, and Kitchen was arrested the next day wearing a similar jacket.

21. However, during the trial, the female victim refused to state that it was Kitchen who touched her inappropriately even when pressed to do so.

22. The female victim also offered to point out before the jury that she did not pick Kitchen out of a line-up, did not identify Plaintiff Kitchen as the person who re-entered her bedroom at the time of the alleged assault, even though she gave descriptions to police of Plaintiff Kitchen and co-defendants Davis and Chatman; that she did identify co-defendant Davis out of a police line-up and as the person who did re-enter her bedroom; and that she also informed police officials that she did not identify Kitchen's voice as the voice of her assialant. However, the jury was not permitted to hear this testimony.

23. At the time of the incident, Kitchen was the youngest and smallest of the trio, was a senior in high school scheduled to graduate in 1987 with a grade point average fluctuating between 3.5 and 4.0 (an A and B student), gainfully employed as an assistant to a veterinarian who was also tutoruing Kitchen in a career in veterinarian medicine, and was the only one who did not have a prior juvenile, adult, or arrest criminal record, or even so much as a single traffic violation.

24. Following his arrest, Kitchen's juvenile status was automatically waived and he was ordered to stand trial as an adult in the Sixth Judicial Circuit Court for the County of Oakland on the aforementioned criminal charges.

25. On June 19, 1987, just prior to the start of selecting a jury for trial, Kitchen entered into a plea agreement on the advice of defense counsel which included pleading guilty to all of the charges except the CSC charge in exchange for a maximum sentence of not more than ten (10) years in prison and proceeding to trial on the CSC charge provided that the evidence surrounding

or about the charges just pled guilty too would not be put before the jury.

26. On June 23, 1987, Kitchen was convicted by an all-white jury of the CSC and felony firearm charges, and sentenced on July 22, 1987, to two 20-40 year terms on each of the two counts of armed robbery, 7½-15 years for breaking and entering, 2-5 years for stolen car, 40-60 years for CSC, and three two year terms for each of the three counts of felony firearm. Two of the two-year felony firearm terms were ordered to run concurrent to one two-year term for felony firearm, and the remaining sentences were ordered to run concurrent to the 40-60 year term, resulting in a sentence of 42-60 years.

27. Davis and Chatman, who pled guilty to their charges, were sentenced to 10-20 and 7-15 years, respectively, and were paroled by the MDOC over twenty (20) years ago.

28. The sentencing guidelines compiled in Kitchen's case recommended a sentence of thirty-six (36) to seventy-two (72) months (3-to-6 years).

29. Prior to sentencing, the female victim was asked to make a victim's statement against Kitchen, but she did not do so. She also declined to recommend a sentence against Kitchen even when pressed to do so.

30. As a result of the 42-60 year sentence, MCL 791.234 controlled and required that Kitchen, like an adult, serve over thirty (30) years in prison and well into his 50's before becoming eligible for parole, and at present Kitchen will not become eligible for parole until November of 2026.

31. Annual statistics generated by the Federal Bureau of Investigation (FBI) and other Michigan state agencies demonstrate that as a result of the application of MCL 791.234 to the sentence imposed against Kitchen, Kitchen will serve, and, indeed, has served, twice as much time in prison, if not more, than an adult would or has served whom has been convicted of offenses similar to those that Kitchen has been convicted of, or of whom has been

convicted of more serious criminal offenses, such as rape, child molestation, and even murder.

## STATEMENT OF CLAIMS

### COUNT I

### EQUAL PROTECTION VIOLATION

32. Plaintiff Kitchen re-alleges the allegations in Paragraphs 1-23 as set forth above, and in particular, those at Paragraphs 15-23.

33. Application of the parole eligibility provision set forth in MCL 791.234 to the criminal sentence imposed against Plaintiff Kitchen by a Michigan state court, without a requirement that Kitchen become eligible for parole at a different and sooner period of time than adult, have resulted, and will result, in Kitchen being sentenced to harsher criminal penalties and serving a much longer period of incarceration than a similarly situated adult, and therefore being deprived of the equal protection of the laws in direct violation of the Equal Protection Clause contained within the 14th Amendment to the United States Constitution.

34. As a direct and proximate result of the Defendants' actions, Kitchen suffered damages without limitation, including, but not limited too, increased criminal penalties and prolong confinement in state correctional facilities.

### COUNT II

### CRUEL AND/OR UNUSUAL PUNISHMENT

35. Plaintiff Kitchen re-alleges the allegations in Paragraphs 1-23 as set forth above, and, in particular, those at Paragraphs 15-23.

36. Further stating, application of the parole eligibility provision set forth in MCL 791.234 to the criminal sentence imposed against Plaintiff Kitchen by a Michigan state court, without a requirement that Kitchen become

eligible for parole at a different and sooner period of time than an adult, have resulted, and will result, in Kitchen being subjected to harsher criminal penalties and serving a much longer period of incarceration than a similarly situated adult, and even an adult whom has committed more serious violations of Michigan's laws, in direct violation of the Cruel And/Or Unusual Punishment Clause of the 8th Amendment to the United States Constitution and Article 1, § 16 of the Michigan Constituiton.

37. As a direct and proximate result of these Defendants' actions, Kitchen suffered damages without limitation, including, but not limited too, increased criminal penalties and prolong confinement in state correctional facilities.

## COUNT III

### SUBSTANTIVE DUE PROCESS VIOLATION

38. Plaintiff Kitchen re-alleges the allegations in Paragraphs 1-23 as set forth above, and, in particular, those at Paragraphs 15-23.

39. Further stating, application of the parole eligibility provision set forth in MCL 791.234 to the criminal sentence imposed against Plaintiff Kitchen, without a requirement that Kitchen become eligible for parole at a different and sooner period of time than an adult whom have committed similar and/or more serious criminal offenses as that which Plaintiff Kitchen has been convicted of, have resulted, and will result, in governmental action that has become so oppressive and shocking to the conscience, when it is compared to periods of incarceration served, or have been served, by adults convicted of similar or more serious criminal offenses, that it violates that Substantive Due Process component within the 14th Amendment's Due Process Clause of the United States Constitution.

40. As a direct and proximate result of these Defendants' actions, Kitchen suffered damages without limitation, including, but not limited too, increased criminal penalties and prolong confinement in state correctional facilities.

## RELIEF REQUESTED

WHEREFORE, for the foregoing reasons, Kitchen requests and prays that this Honorable Court:

a. Issue a declaratory judgment providing that the application of MCL 791.234 to the sentence imposed against Plaintiff Kitchen without making any distinction between him and adults serving indeterminate sentences by requiring that, like an adult, Plaintiff serve a period of time equal to the minimum sentence imposed by the state court that sentenced him for the crime of which he was convicted, less disciplinary credits, violates the rights guaranteed by the United States and Michigan Constitutions.

b. Issue a declaratory judgment providing that MCL 791.234(1), as applied to Plaintiff Kitchen, violates the 8th and 14th Amendments to the United States Constitution and Article 1, § 16 of the Michigan Constitution.

c. Order the Defendants to determine or recognize that Plaintiff Kitchen, as a juvenile offender, is less deserving of the type of criminal punishment imposed on an adult criminal defendant, and therefore allow Kitchen to become subjected to the jurisdiction of the Michigan Parole Board within a shorter period and less severe time than an adult serving a similar indeterminate sentence equal or longer in length as the indeterminate sentence imposed on Kitchen.

**VERIFICATION/AFFIDAVIT:**

Subscribed and sworn to before me this 30 day of April, 2018.

_____
NOTARY PUBLIC

Acting in the County of Montcalm
My Commission expires 12-26-24
of Clinton Co.

_____
Michael A. Kitchen (#189265)
Plaintiff Proceeding Pro Se
Carson City Correctional Facility
10274 Boyer Road
Carson City, MI  48811

- 12 -

# CIVIL COVER SHEET FOR PRISONER CASES

| | |
|---|---|
| **Case No.** 18-11430 | **Judge:** Laurie J. Michelson    **Magistrate Judge:** Anthony P. Patti |
| **Name of 1st Listed Plaintiff/Petitioner:**<br>Michael Kitchen | **Name of 1st Listed Defendant/Respondent:**<br>Richard Snyder, et al. |
| **Inmate Number:** 189265 | **Additional Information:**<br>No summons forms provided for service. |
| **Plaintiff/Petitioner's Attorney and Address Information:** | |
| **Correctional Facility:**<br>Carson City Correctional Facility<br>10522 Boyer Road<br>Carson City, MI 48811<br>MONTCALM COUNTY | |

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☒ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☐ IFP *In Forma Pauperis*
- ☒ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?
       ☐ Yes      ☒ No
   ➤ If yes, give the following information:
       Court: _____
       Case No: _____
       Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)
       ☐ Yes      ☒ No
   ➤ If yes, give the following information:
       Court: _____
       Case No: _____
       Judge: _____