UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL KITCHEN,<br><br>    Plaintiff,<br><br>v.<br><br>GRETCHEN WHITMER,<br>HEIDI WASHINGTON, and<br>BRIAN SHIPMAN,<br><br>    Defendants. | Case No. 18-11430<br>Honorable Laurie J. Michelson |

**ORDER GRANTING PLAINTIFF FINAL INJUNCTIVE RELIEF**

The Court previously stated, "regarding Kitchen's claim under *Graham v. Florida*, 560 U.S. 48 (2010), the Court finds that Michigan's laws and regulations that limit the parole board's jurisdiction until Kitchen completes his 42-year minimum sentence (less disciplinary credits) are unconstitutional as applied to Kitchen." *Kitchen v. Whitmer*, — F. Supp. 3d —, No. 18-11430, 2022 WL 2898633, at *16 (E.D. Mich. July 21, 2022). The Court ordered Defendants "to submit a plan for the Court's approval as to how it will provide Kitchen with a 'meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation,' which as this opinion has made clear, includes an opportunity for release at a time when Kitchen can 'truly reenter society' and 'have [a] meaningful life outside of prison.'" *Id.*

Defendants appealed this Court's ruling, but the Sixth Circuit dismissed for lack of appellate jurisdiction. *See Kitchen v. Whitmer*, Nos. 22-1732, 22-1773, slip op. at 4 (6th Cir. Oct. 4, 2022). Because the Court stayed its order requiring Defendants

to submit a proposed, remedial plan pending appeal, the Sixth Circuit explained that "[t]he district court's order and subsequent judgment resolved all of Kitchen's claims but left any remedy unresolved." *Id.* at 3.

After the Sixth Circuit dismissed Defendants' appeal, Defendants submitted a proposed remedial plan. (ECF No. 119.) Under the proposal, "Kitchen's new earliest release date (ERD) [would have been] October 29, 2024." (ECF No. 119, PageID.1508.)

The Court then held a conference with counsel, where Kitchen's counsel indicated that he would oppose the proposed plan. Consistent with its prior order staying submission of a plan pending appeal, the Court indicated that whatever relief it ended up ordering, it would likely stay that relief pending appeal. And given that an appeal would take some time, the parties indicated that they may be able to reach an agreement on an earliest release date that accounted for a stay pending appeal.

On December 20, 2022, the parties submitted an agreed-upon plan that included an agreement that the implementation of the plan would be stayed pending appeal.

Having considered the parties' agreed-upon plan, the Court hereby ORDERS as follows:

1. Kitchen's new ERD is May 1, 2023.
2. On or before February 1, 2023, the Parole Board will notify the facility to conduct a COMPAS and Sex Offender Risk Assessment. It will be Kitchen's responsibility to participate in any recommended programs prior to his ERD.

3. On or before February 15, 2023, the Parole Board and/or facility will prepare a Parole Eligibility Report (PER).

4. Once the PER is received, but no later than March 1, 2023, the Parole Board will calculate a Parole Guideline Score.

5. On or before March 15, 2023, the Parole Board will provide Kitchen with a 14-day notice of intent to conduct parole board interview. Plaintiff Michael Kitchen hereby waives the 30-day notice period prescribed by Mich. Comp. Laws § 791.234(9)(a).

6. On or before March 29, 2023, one member of the Parole Board will conduct an in-person interview with Kitchen.

7. On or before April 3, 2023, the Parole Board will either deny parole, defer the decision until Kitchen completes any recommended/relevant programs, or make the decision to release Kitchen on parole.

8. If the Parole Board decides to release Kitchen on parole, the prosecuting attorney will be notified as soon as possible. The prosecutor has the right to appeal the Parole Board's decision within 28 days of the decision. While the timeline for the prosecutor to appeal is pending, the Parole Board will conduct a pre-parole investigation to verify Kitchen's proposed residence.

9. If (A) the Parole Board makes the decision to parole and (B) the prosecutor does not appeal or the Michigan state circuit court overrules the prosecutor's appeal, Kitchen will be released on parole.

The Court hereby further orders that, if the above dates lapse while an appeal is pending and if Defendants lose on the merits of their appeal or the appeal is otherwise resolved, Kitchen's ERD will be 90 days after the mandate is issued by the Sixth Circuit. The steps set forth in Paragraphs 1 through 9 of the Compliance Plan shall be completed in the timeframe set forth in those paragraphs, i.e., Paragraph 2 shall be completed on the date the mandate is issued; Paragraph 3 shall be completed 14 days thereafter; Paragraph 4 shall be completed 14 days thereafter; Paragraph 5 shall be completed 14 days thereafter; Paragraph 6 shall be completed 14 days thereafter; and Paragraph 7 shall be completed 5 days thereafter. As set forth in Paragraph 8, the prosecutor has the right to appeal the Parole Board's decision within 28 days of the decision. While the timeline for the prosecutor to appeal is pending, the Parole Board will conduct a pre-parole investigation to verify Kitchen's proposed residence. Finally, as set forth in Paragraph 9, if (A) the Parole Board makes the decision to parole and (B) the prosecutor does not appeal or the Michigan state circuit court overrules the prosecutor's appeal, Kitchen will be released on parole.

SO ORDERED.

Dated: December 21, 2022

                                                 s/Laurie J. Michelson
                                                 LAURIE J. MICHELSON
                                                 UNITED STATES DISTRICT JUDGE